IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:15-CR-00143-DCN-1 |
| | : | |
| Plaintiff, | : | JUDGE DONALD C. NUGENT |
| v. | : | |
| | : | **MOTION OF DEFENDANT KELLY C. HOOD TO MODIFY THE CONDITIONS OF HOME CONFINEMENT** |
| KELLY C. HOOD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

Defendant Kelly C. Hood, through undersigned counsel, respectfully requests that this Honorable Court modify the conditions of her home confinement, as set forth below.

Last week on October 19, 2016, Ms. Hood was sentenced by this Court to three years probation, of which the first 12 months were to be served under home confinement with electronic monitoring. Undersigned counsel has confirmed with Ms. Hood's Probation Officer in Naples, Florida, Audrey Martin, that the only electronic monitoring utilized by her office is an ankle bracelet that Ms. Hood would need to wear at all times.

As part of her job responsibility with her employer in Naples, Ms. Hood hosts events for customers during which she is required to wear dresses or skirts that would expose an ankle bracelet if worn. Ms. Hood would lose her job if required to wear an ankle bracelet. This would result in her loss of income, as well as lose of health insurance she relies on for herself and her son.

Ms. Hood's Probation Officer, Audrey Martin, advised undersigned counsel that in light of Ms. Hood's compliance with Ms. Martin's office over the past year since pleading guilty to

{6403756:}

structuring in Cleveland, Ms. Martin was prepared to assure Ms. Hood's compliance with the Court's home confinement requirement with other methods not requiring electronic monitoring. Ms. Martin stressed, however, that so long as the terms of home confinement included some sort of electronic monitoring (limited in Naples to an ankle bracelet), Ms. Hood would have no option other than to wear an ankle bracelet.

It is in the interest of justice that this Court modify the conditions of Ms. Hood's home confinement to leave it up to the Probation Department to determine how best to insure that Ms. Hood complies with this Court's sentence.  By permitting the Probation Officer in Naples to monitor Ms. Hood, the Court's sentence of probation and home confinement remains the same, and Ms. Hood will be able to continue working at her job.

Accordingly, it is respectfully requested that this Honorable Court modify the conditions of home confinement by not mandating electronic monitoring of Ms. Hood, and rather instructing the Probation Department of utilize whatever means they deem appropriate.

    Respectfully submitted,

*/s/ Richard H. Blake*
RICHARD H. BLAKE (OH #0083374)
rblake@mcdonaldhopkins.com
JENNIFER D. ARMSTRONG (OH # 0081090)
jarmstrong@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Avenue, East – Suite 2100
Cleveland, OH  44114
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474

*Counsel for Defendant*
*Kelly C. Hood*

{6403756:}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

/s/ Richard H. Blake
RICHARD H. BLAKE (OH #0083374)
*Counsel for Defendant*
*Kelly C. Hood*

{6403756:}